IN THE

# Supreme Court of Georgia,

## AT ATLANTA.

### OCTOBER TERM, 1886.

PRESENT—JAMES JACKSON, . . . . . . . . CHIEF JUSTICE.
   *LOGAN E. BLECKLEY, . . . . .   "    "
   SAMUEL HALL, . . . . . . . . . ASSOCIATE "
   M. H. BLANDFORD, . . . . . . . . ASSOCIATE "

COLCORD *et al. vs.* CARR.

| 77 | 105 |
|----|-----|
| 94 | 355 |

1. An executory license to cut trees after the " scrape " has been taken off is modified by notice not to cut till the " stuff " has been removed.
2. Where the original license was by letter to a third person, and by oral communication from that person to the licensee, a subsequent modification by parol would be effective.

February 26, 1887.

License. Notice. Turpentine. Before Judge KIBBEE. Dodge Superior Court. November Term, 1885.

Carr brought an action of trespass against Colcord and Bacon, alleging that the defendants entered on certain land which the plaintiff held under a lease and used for making turpentine, and by cutting down trees and. hauling them away destroyed his turpentine, etc.

The defendants pleaded the general issue. There was no dispute that the plaintiff held the land under lease and was making turpentine there, nor that timber was cut

*Appointed to fill vacancy caused by death of Chief Justice Jackson, which occurred during the term.

they were members.   They claimed, however, to have
acted under permission or license from the plaintiff.   It
appeared that the owners of the land sold timber to the
defendants, and their agent went to see the plaintiff as to
allowing it to be cut.   The agent testified that the plaintiff
said that as soon as the "scrape" was removed from the
trees they might cut, and wrote a letter also to the agent
of like import.   This was communicated to the defendants
by the agent.   The plaintiff admitted writing the letter,
but testified that he afterwards notified the defendants
orally that they could not cut the timber until after he
had got the "stuff" off; that the "scrape" had been re-
moved before the cutting began, but the "stuff" had not;
and that he notified them to stop.   The value of turpen-
tine lost was shown.

The jury found for the plaintiff $140.   The defendants
moved for a new trial, on the grounds that the verdict was
contrary to law, evidence and the charge of the court.   The
motion was overruled, and they excepted.

ROBERTS & SMITH, by HARRISON & PEEPLES, for plaintiffs
in error.

L. A. HALL; W. L. GRICE, for defendant.

BLECKLEY, Chief Justice.

1. An executory license to cut trees after the "scrape"
has been taken off, is modified by notice not to cut till the
"stuff" has been removed.

2. Where the original license was by letter to a third
person, and by oral communication from that person to the
licensee, a subsequent modification by parol would be
effective.

It is very apparent that this whole controversy has
grown out of not paying sufficient attention to the differ-
ence between "scrape" and "stuff."   It was the intention,
the deliberate purpose of the plaintiff, I have no doubt, to

allow the cutting of those trees as soon as the " scrape " had been removed; but he afterwards changed his mind, and concluded that he would take the " stuff " off as well as the " scrape; " and he made known to the defendants, or their agents and servants, that he had undergone this important change of purpose; and they were warned that they must wait until the " stuff " was removed. They would not wait; the " scrape " was off, and they went forward and cut the trees, and injured or destroyed the " stuff," and that caused damage to the plaintiff, and he sued accordingly. It seems to me that if the defendants could ever have been brought to comprehend in its full force the difference between " scrape " and " stuff," they would have submitted to the verdict without bringing this case here for review. But when people get into a confused state of mind on the distinction between one thing and another, there is no limit to the rage for litigation in which they may possibly indulge.

Whoever can comprehend the distinction between " scrape " and " stuff," can understand that a license to cut trees after the " scrape " has been taken off is not the same thing as a license to cut after the " stuff " has been removed. If there had been no modification of the original license, there would have been no trespass, for it is certain that the trees were not cut until after the " scrape " was taken off. But there is clear evidence that before the cutting was begun, the plaintiff below gave warning that it must not be done until the " stuff " was removed. It is equally clear that the " stuff " had not been removed when the trees were cut. The question then is, whether the license could be modified by giving this warning or notice. And why not? The license was executory, and a mere gratuity. Nothing was paid or promised for it. The plaintiff was under no obligation by contract, or otherwise, to grant it, and when he did grant it, he could, while it was still executory, revoke or modify it at pleasure. The evidence shows that he gave timely notice of the change of

terms upon which his permission was accorded. If the defendants were unwilling to accept the terms ultimately announced, they ought to have declined to cut the trees at all until his lease, which was prior in date to their own, had expired. Had they waited until then, they might have kept clear of all complication with ",stuff" and "scrape."

Judgment affirmed.