## COODY vs. THE GRESS LUMBER COMPANY.

| 82 | 793 |
| 94 | 355 |
| 82 | 793 |
| 98 | 391 |
| 98 | 642 |
| 82 | 793 |
| 101 | 242 |
| 82 | 793 |
| 110 | 162 |
| 82 | 793 |
| 114 | 607 |
| 82 | 793 |
| 126 | 430 |

1. Trees growing upon land constitute part of the realty; and a sale of them, under the statute of frauds, must be in writing.

2. A written contract conveying all the saw-mill timber on certain land, treated as a conveyance of an interest in the land, should, in order to protect the vendee therein and those claiming under him from a subsequent sale of the land to another vendee, be recorded within one year after its execution, the deed to the second vendee having been recorded in time, and he having purchased without notice of the former sale. Treating the first contract as no conveyance of interest in land but simply as a sale of trees, it would stand on no higher footing than a bond for title with the purchase money paid, and would not prevail as against a subsequent conveyance to a purchaser for value without notice of such bond, that conveyance having been recorded in due time.

3. That the contract conveying the saw-mill timber, and a similar contract for the sale of timber on this and other land between the vendee in the first contract and a firm of which the defendant is successor, were not attested, did not render them invalid. Their execution having been properly proved by other evidence, they were admissible. But a bond for title from one of that firm to the other, agreeing to sell to the latter all of the interest of the former in certain property owned by the firm, including the right to the

timber referred to, and attested by two witnesses, was not admissible in evidence without proof of its execution by those witnesses or account for their absence.

4. In an action solely for the value of timber cut from land and not for damages to the land, rejection of evidence as to how much the land had been damaged was not error.

July 8, 1889.

Sales. Timber. Realty. Statute of frauds. Record. Contracts. Deeds. *Bona fides.* Vendor and purchaser. Notice. Bonds for title. Evidence. Actions. Damages. Before Judge KIBBEE. Dodge superior court. August term, 1888.

As supplemental to the report contained in the decision, the grounds of the motion for a new trial are added, as follows :

(1–3) The verdict is contrary to law and evidence.

(4) Error in admitting in evidence the contract purporting to have been made between McArthur & Griffin and A. B. Steele & Co., there being no witnesses to the same and no description of the lot of land in dispute, and said paper purporting to be a lease of lands and timber for a term of twenty years.

(5) Error in admitting in evidence what purported to be a lease from Thos. Dunn to John W. Griffin, there being no witness to said paper.

(6) Error in admitting in evidence what purported to be a bond for title from Steele to Gress, without proof of its execution by the subscribing witnesses.

(7) Error in refusing to allow the plaintiff, when on the stand as a witness to answer the following question : "How much was the lot of land damaged by cutting of the timber ?" The court permitted the witness to show how much he was damaged by reason of the cutting of the timber, but declined to allow evidence to be submitted to show that defendant had sustained other damage than was charged in his declaration.

(8) Error in charging : A lease for a term of years is not a freehold estate but a chattel, and may be made to commence in the future; and it is assignable; the assignee has the same right as the assignor.

(9) Error in charging : If Coody purchased from Dunn the lot of land in dispute with the lease [outstanding], he bought no less and could buy no more than the land owned by Dunn at the time of purchase, and if the timber had been previously leased to other parties, he took subject to the incumbrances of the leasehold interest; and this is true notwithstanding he may have bought without notice of the lease.

(10) Error in charging: The question of notice has nothing to do with the case. If Griffin leased from Dunn previous to the sale by Dunn to Coody, and defendant acquired the title from Dunn by proper assignment through various changes down to it, plaintiff could not recover.

(11) Error in allowing Gress to testify that lot of land number 128 in the 20th district of Dodge county was embraced in the limits stated in the paper purporting to be a lease from McArthur & Griffin to Steele & Co.

A. C. PATE and E. A. SMITH, for plaintiff.

DeLACY & BISHOP, for defendant.

SIMMONS, Justice.

Coody brought his action against The Gress Lumber Company for trespass, in entering upon lot of land number 128, in the 20th district of Dodge county, and cutting and carrying away therefrom yellow pine timber growing thereon. The defendant pleaded the general issue. On the trial, the plaintiff introduced a deed

conveying the lot mentioned, made by Thomas Dunn to him September 27th, 1883, which was recorded in October, 1883. He also introduced a deed by Luke Sapp to Dunn, dated February, 1868, conveying the same land. The plaintiff proved the value of the timber taken from the land, and that Dunn, from whom he purchased, was in possession when he (the plaintiff) bought from him, and that he (plaintiff) had been in possession ever since. The plaintiff also testified that he had no notice that Dunn had sold the timber to Griffin, until after he had purchased the land from him, and, we infer from his testimony, after he had paid for the land. The defendant introduced in evidence what is styled in the record a "lease" from Thomas Dunn to J. W. Griffin, dated September 29th, 1881, by which Dunn leased to Griffin all the saw-mill timber upon lot 128, giving Griffin the right of access, etc. to the lot "as long as it may be used, beginning at the present and ending when it ceases to be used." It was stipulated in this "lease" that the land and timber should revert to Dunn as soon as the parties holding under the lease should have taken off all the timber they might be entitled to under it. The defendant also introduced a contract dated September 20th, 1881, between McArthur & Griffin and A. B. Steele & Co., by which McArthur & Griffin sold to Steele & Co. timber suitable for the manufacture of lumber, shingles, etc. from as many as fifty lots of land embraced in the 20th district of Dodge county, within certain described boundaries, the number of only a few lots being mentioned, and number 128 not being mentioned among these. Steele & Co. were given twenty years to finish getting the timber from said lots, provided it took that much time. The defendant also introduced a transfer from G. V. Gress, of all his interest under the last mentioned

contract, to The Gress Lumber Company; also a bond
for titles executed January 28th, 1885, by A. B. Steele
to G. V. Gress, reciting that Steele had on that day
agreed to sell to Gress all his right, title, etc. in and to
the property in the county of Dodge owned by said
Steele and Gress under the firm name of A. B. Steele
& Co., consisting of leases, uncut timber, etc. This last
paper was signed by Steele and attested by two wit-
nesses. The defendant further introduced testimony
tending to show that the plaintiff knew that Dunn had
sold the timber to Griffin before he bought from Dunn.
The jury found for the defendant. The plaintiff moved
for a new trial, upon the several grounds set out in the
motion. The motion was overruled and he excepted.

1. The court charged, in substance (see 9th and 10th
grounds), that if Dunn had leased the timber to Griffin
prior to the sale of the land to Coody, the plaintiff,
Coody took the land subject to the incumbrance of the
leasehold interest, and that it was immaterial whether
Coody bought without notice of the lease,—that the
question of notice had nothing to do with the case.
These grounds were the main ones relied on by counsel
for the plaintiff in error for a reversal of the judgment
of the court below. Under the facts of this case as dis-
closed by the record, we think the charge was erro-
neous. The meaning of the charge is, that when a
person purchases growing trees standing upon the land,
the contract is one relating to personalty and not to
realty. We cannot agree with the able judge who tried
the case in this view of the law. In our judgment, a
sale of growing trees is a sale of an interest in land.
Our code, §2218, declares that " Realty, or real estate,
includes all lands and the buildings thereon, and all
things permanently attached to either, or any interest
therein or issuing out of or dependent thereon. The

right of the owner of land extends downward and upwards indefinitely." Trees are "permanently aattched" to the land. Under this section, therefore, they are a part of the land. We are aware of the fact that courts and text writers, both in this country and England, have differed upon this question, but the later and better doctrine by a majority of courts and text writers of this country, seems to be that standing trees constitute a part of the realty, and that a sale of such, under the statute of frauds, must be in writing, because it is a contract concerning land. See 1 Washb. Real Prop., 4 ed. page 13; 2 Reed on Stat. Frauds, §§707 *et seq.*, and notes ; 1 Tiedman Real Prop. §§2, 9, 799; Green *vs.* Armstrong, 1 Denio, 554. See also Owens *vs.* Lewis, 46 Ind. 488, (15 Am. Rep. 295,) where, in an able and exhaustive opinion, the decisions of different courts are reviewed.

2. The contracts, however, which were relied on by the defendant were in writing, and would be binding on Dunn, the common grantor, and on Coody, who claims under him, if Coody had notice of the sale of the timber prior to his purchase from Dunn. Treating the written paper executed by Dunn to Griffin as a conveyance of an interest in this lot of land, in order to protect Griffin and those claiming under him from a subsequent sale made by Dunn to Coody, the conveyance, under our laws, should have been recorded within one year after it was made. Our law is, that if an owner of land sells it to one person and makes him a deed, and subsequently sells it to another person without notice of the first deed, and makes the latter a deed also, and the first purchaser fails to record his deed within one year, and the second purchaser records his in time, the title of the second purchaser will prevail over that of the first. If the paper made by Dunn to Griffin was a

conveyance of an interest in land, it was not recorded within one year, as prescribed by the statute; indeed, it was never recorded. Coody's deed, however, according to the record, was recorded within the time prescribed by the statute. If, therefore, Coody purchased without notice that the timber had been sold to Griffin, his title will prevail over Griffin's. So it appears that the trial judge was wrong when he charged the jury that notice had nothing to do with the case.

Treating the paper executed by Dunn to Griffin, not as a conveyance of an interest in land, but simply as a contract for the sale of the trees, it would stand on no higher footing than a bond for titles given by a vendor to a vendee, with the purchase money paid. In that case the same rule would apply as to notice and *bona fide* purchasers. In the case of *Allen vs. Holding*, 29 *Ga.* 485, this court held that a bond for titles with the purchase money paid, is not good against a subsequent conveyance to the purchaser for value who purchases without notice of the bond, and records his conveyance in due time. See also *Fahn vs. Bleckley*, 55 *Ga.* 81, where this principle was recognized and the above case cited. We therefore hold that whether the paper from Dunn to Griffin was a conveyance, or whether it was simply a contract for the sale of trees, it was a contract for the sale of an interest in land, and if Coody subsequently purchased and paid for the land without notice of this sale of the trees to Griffin, he would be entitled to recover the value of the trees. If he had notice, prior to this purchase from Dunn, that Dunn had sold the trees to Griffin, then he would not be entitled to recover.

3. It is doubtful from this record whether the defendant objected to the introduction in evidence of the written contract between McArthur & Griffin and Steele & Co., and that between Dunn and Griffin. If the ob-

jection was made at the trial and overruled, there was no error in admitting them in evidence ·as complained of in the fourth and fifth grounds of the motion. While no witness attested these papers, the execution was properly proved by other evidence. The fact that they were not attested did not render them invalid, as claimed by counsel for the plaintiff in error. It is also doubtful whether objection was made at the trial to the introduction · in evidence of the bond for titles from Steele to Gress. If the objection was made and overruled, we think the court erred in admitting it without proof of its execution by the subscribing witnesses, as complained of in the sixth ground. We do not agree with counsel for the defendant in error that the paper was only collaterally or incidentally material to the case, and that it was therefore unnecessary to produce the subscribing witness to prove its execution. It seems to us that the defendant's whole case rested upon this paper and the others connected with it, and it was necessary for him to prove its execution by the subscribing witnesses or account for their absence. Code, §3837.

4. There was no error in refusing to allow the plaintiff, when on the stand as a witness, to answer the following question: " How much was the lot of land damaged by cutting off the timber ?" (seventh ground of the motion.) The action, according to the declaration, was solely for the value of the timber, and not for damages to the land, and the court properly refused to allow evidence to go to the jury as to how much the land had been damaged.

Judgment reversed.