MORGAN *et al. v.* PERKINS, administrator.

1. One who sold standing timber of a certain description upon a tract of land, the purchaser having died before he severed the timber and removed it, is not concerned with the question whether persons authorized by the administrator of the purchaser to cut and appropriate the timber, did so as legal purchasers from the administrator or only as his licensees. Relatively to the vendor of the timber, they stand as the administrator himself would have stood had he in behalf of the estate which he represented done the work in person or by his servants or employees.

2. Timber while standing on land on which it grew being realty, a written contract made in the spring of 1885 by which the owner of the land sold to another "all of the saw-timber measuring twelve inches and over in diameter at the stump on lot of land ninety-three (district and county) . . . timber to be cut off the land by December 25th, 1886, passed title to only so much of the timber described as was cut before December 25th, 1886, unless this limitation as to time was subsequently waived by the seller. If it was waived by expressly fixing another limit, whether orally or in writing, this new limit took the place of the former one, but there was no right to act after the new limit expired. The controlling question in the present case is, whether the fund in controversy was produced by timber cut before the new limit had expired or not until afterwards. Let the new trial as to the ownership of the fund be confined to a determination of this question.

3. Where a defendant having been sued separately by two plaintiffs, causes them to interplead, the losing party in the interpleader may be charged with the costs of the interpleader and of the action brought by himself, but cannot be charged with the costs of the other action to which he was no party.

4. When the last day for tendering a bill of exceptions is Sunday, the following day is superadded by code, §4, par. 8.

August 29, 1894.

v 94–23

| | |
|---|---|
| 9J | 353 |
| 98 | 391 |
| 94 | 353 |
| 101 | 242 |
| 94 | 353 |
| s107 | 835 |
| 94 | 353 |
| ●117 | 728 |
| 94 | 353 |
| 119 | 478 |
| 94 | 353 |
| f127 | 656 |
| 128 | 565 |
| 94 | 353 |
| f129 | 332 |

Interpleader. Before Judge FISH. Pulaski superior court. May term, 1893.

See former report of this case, 91 *Ga.* 570.

J. H. MARTIN and PATE & BRIGHT, for plaintiffs in error. W. L. GRICE, by brief, *contra.*

SIMMONS, Justice.

1. In February, 1885, Morgan sold to Perkins all the saw-timber measuring twelve inches and over in diameter at the stump on lot of land number 93 in Pulaski county, and a conveyance of the timber was made in writing, in which it was stipulated that the timber was to be cut off the land by December 25th, 1886. Perkins died before that time, and his administrator sold the timber that had not been cut to Thompson & Company. Morgan, the vendor, is not concerned with the question whether Thompson & Co. cut and appropriated the timber as purchasers, or only as licensees. If they cut the timber within the time agreed upon, it was the same thing to Morgan as if the administrator had cut it by himself or his servants. If he had sold it and received payment for it, it made no difference to him whether the administrator cut it, or whether Thompson & Company cut it, if it was cut in the stipulated time.

2. As before stated, it was stipulated in the writing conveying the timber that it would be cut and removed by the 25th of December, 1886. Perkins having died prior to that date and the timber not having been cut and removed, Morgan entered into a parol agreement with the administrator, extending the time for its cutting and removal. The evidence seems to be conflicting as to the length of time the privilege was extended, Morgan insisting that it was cut and removed after the time had expired, and the administrator of Perkins contending that it was cut and removed within that time, and that whether it was or not, it made no difference, as he

had a right to cut and remove it after the time agreed
on had expired.  Morgan contends that the timber not
having been cut within the time agreed upon, the ad-
ministrator forfeited his right to enter upon the land
and cut and remove the timber, and that when Thomp-
son & Co. did so they committed a trespass, and are lia-
ble to him (Morgan) in damages.  The courts in some of
the States have held that where standing timber is sold,
and a time is agreed upon in which it is to be removed,
and it is not removed within the time agreed upon, the
purchaser does not lose his right, after the expiration of
that time, to enter upon the land and remove it.  See
Hart *v.* Stratton Mills, 54 N. H. 109, 20 Am. Rep. 119;
Irons *v.* Webb, 12 Vroom, 203, 32 Am. Rep. 193.
These rulings are based upon the ground that standing
timber is personalty and not realty.  If it is personalty,
these decisions are right; but this court has held that
standing timber is not personalty, but realty.  *Coody* v.
*Gress Lumber Company*, 82 *Ga.* 793, 797.  The timber
being realty, the purchaser acquires by the written con-
veyance an interest in the land subject to be divested if
he fails to remove the timber within the time limited by
the conveyance.  This is a limitation upon the estate
granted, and if the timber is not removed within the
time prescribed in the limitation, the estate terminates.
On this subject see:  McIntyre *v.* Barnard, 1 Sandf. Ch.
52;  Boisaubin *v.* Reed, 2 Keyes (N. Y.), 323;  Pease *v.*
Gibson, 6 Me. 84.

If the time limited in the conveyance had expired,
and Morgan, the seller, agreed orally or in writing with
the administrator to extend the time, this waiver on the
part of Morgan of the first limitation, and the new
limit agreed on between him and the administrator, took
the place of the former one (*Colcord* v. *Carr*, 77 *Ga.* 105);
and if the administrator or his vendees cut and re-
moved the timber within the time fixed by the new

limit, they would not be liable to Morgan for a trespass. Morgan, having assented to the extension of the time, cannot complain of their entering upon his land and cutting and removing the timber. If, however, they entered upon the land after the new limit expired, they would be liable to him. This seems to be the controlling question left in the case, viz: whether the fund in court was produced by timber cut before the new limit expired, or not until afterwards. Let the new trial as to the ownership of the fund be confined to the determination of this question.

3, 4. Other questions in the case are ruled by the head-notes.          *Judgment reversed, with direction.*