## WARREN *v.* ASH *et al.*

1. The conveyance of the timber from the plaintiffs to the persons under whom the defendant claims passed an estate in the growing trees, determinable upon the grantees' failure to cut and remove the timber within a reasonable time, not less than five years.

2. A grantor who has conveyed timber to another, to be cut in a reasonable time, is not concerned with the validity or formality of execution of his grantee's assignment of title thereto to a third person, made before the grantee's estate therein has terminated.

3. Standing timber is part of the realty; and the owner of the soil, who has by deed conveyed the timber, is not revested with the title by a mere verbal declaration of the owner of the timber that he surrendered it to the owner of the soil. Such verbal declaration would not work an estoppel, when the owner of the soil had not acted thereon.

Argued May 20,—Decided August 15, 1907.

Injunction. Before Judge Spence. Decatur superior court. March 16, 1907.

The plaintiffs, on June 24, 1904, sold to Smith, Sims & Morea

a shingle-mill and certain standing timber, and executed to the purchasers the following instrument:

"Georgia, Decatur County. This indenture made and entered into this 29th day of June, 1904, between R. P. Ash, T. H. Wilson, and Mrs. Rosa Ash, parties of the first part, and J. H. Sims, J. F. M. Smith, and G. W. Morea, parties of the second part, showeth, that the said parties of the first part has this day sold to the parties of the second part a certain millhouse known as the Ash shingle-mill, and located on lot of land number 192 in the 27th district, being one boiler and engine, and one shingle-mill, cut off saw, all the piping and other fixtures belonging to said mill, one log cart, and 4 oxen, also all the said timber measuring ten inches at the stump and upwards, on lots of land number 191, 192, 150 acres of lot No. 169, all in the 27th district of said county and State, for the sum of nineteen hundred dollars. I have taken their four promissory notes bearing even date with these presents, and due as follows: one for $500.00 due October 1st, next, one for $500.00 due Febry. 1st, 1905, one for $500.00 due May 1st, 1905, one for $400.00 due August 1st, 1905, all said notes bearing interest from date at the rate of eight per cent. per annum. It is further agreed that the notes given for said property shall first go to the payment of two certain mortgages held by the Bainbridge State Bank, one given by R. P. Ash, and one given by R. P. Ash and T. H. Wilson. It is agreed that the parties of the second part is to have a lease on the mill-site as it now stands for five years from said date. If the said parties of the second part should want to use sawmill site longer than five years, they are to pay rent for same. It is further agreed that the parties of the first part transfers the contract to the siding to the parties of the second part free of charge. It is further agreed that the parties of the second part shall have the right to build roads and trams for the purpose of hauling said timber to said mill; and it is agreed to, the parties of the second part shall have the right to sell or transfer all of said lease privileges to any other parties, with all the rights and privileges herein granted." Executed by the parties.

The purchasers operated the mill for two years after their purchase, when they removed the mill and sold the houses erected on the mill-site. On February 13, 1907, J. F. M. Smith, one of

the purchasers, transferred in writing the foregoing timber lease to S. J. Warren. The plaintiffs sought to enjoin Warren from cutting any of the timber on the described lots of land. On the interlocutory hearing the plaintiffs submitted affidavits that one of the firm of Smith, Sims & Morea, when he was moving the shingle-mill, stated to one of the plaintiffs that he had cut all the timber conveyed by the lease, and that he surrendered the premises to the plaintiffs. The defendant submitted the affidavits of every member of the firm, denying that they had abandoned the timber, or had so stated to any one. The court granted an injunction, and the defendant excepted.

*R. G. Hartsfield* and *J. G. Talbert,* for plaintiff in error.

*Bower & Bower,* contra.

EVANS, J. (After stating the facts.) The transaction between the plaintiffs and Smith, Sims & Morea was a sale of a shingle-mill, and the timber on certain described land, with certain privileges in aid of a contemplated manufacture of the timber. The writing clearly reflects the intention of the parties to have been that the trees were to be cut and removed from the land within a reasonable time from the date of the conveyance. Therefore the estate which the purchaser acquired in the trees was a fee, determinable on a failure to cut and remove the timber within a reasonable time. *McRae* v. *Stillwell,* 111 *Ga.* 65 (36 S. E. 604, 55 L. R. A. 513). The plaintiffs stipulated in their conveyance that the purchasers of the timber and mill should have a lease of the mill-site for five years, and longer if necessary, but they were to pay a reasonable rental after five years. This stipulation affords a clear inference that the parties estimated a reasonable time within which to cut and remove the timber would not be less than five years. Under this conveyance the purchasers acquired an estate in the trees, and not a mere license to cut the timber from the land. The grantees by moving their mill did not forfeit their estate in such of the trees as were purchased that remained standing on the land. Forfeiture of title to the trees would have resulted only from failure to cut and remove them within a reasonable time. Growing timber is realty, and title to realty is transferred by writing, and not by parol declarations. The verbal statement of the purchasers, at the time of the removal of their mill, that they had abandoned and surrendered their interests under the

lease was not effectual to revest the title in the timber. *Scarborough* v. *Holder,* 119 *Ga.* 256 (46 S. E. 93). Besides, such statement would not work an estoppel, when the plaintiffs had not acted thereon, or done anything to their detriment. From what passed between the ·parties according to the plaintiffs version, there was nothing said which would afford an inference that the parties agreed that a reasonable time had expired.

Objection is made that the timber lease was not legally assigned to the defendant, because only one of the grantees signed the transfer. It did not concern the plaintiffs whether all of the grantees joined in an assignment of the lease to the defendant. At the trial two of the grantees testified that previously to the assignment they had sold their interest to Smith, who assigned the lease to the defendant. The three named grantees took as tenants in common, and the transfer was at least effective to convey the legal title from the party who signed it, and it was immaterial to the plaintiffs whether the two grantees who did not sign the transfer were legally bound thereby. The petition was filed within five years after the plaintiffs' conveyance. The defendant, therefore, was not a trespasser as to the timber covered by · the lease; and it is immaterial to the plaintiffs whether he was cutting the timber as a licensee or as a purchaser from their grantees. *Morgan* v. *Perkins,* 94 *Ga.* 353 (21 S. E. 574); *Gaston* v. *Gainesville R. Co.,* 120 *Ga.* 516 (48 S. E. 188).

There was evidence submitted that the defendant was cutting timber of less size than that conveyed in the lease; as to such timber the defendant had no authority under his purchase, or as a . licensee from the grantees in the original lease. There was also evidence that this timber under ten inches at the date of the conveyance was necessary to keep up the plantation, and that the trespass was a· continuing one. The judge did not err in enjoining the defendant from cutting any timber not embraced in the original lease, but did err in enjoining him from cutting such as was so conveyed. The injunction should therefore be so modified as to embrace only the timber not ten inches or above at the date of the lease.

*Judgment affirmed, with direction. All the Justices concur.*