## JONES *v.* GRAHAM.

ATKINSON, J. A writing signed by all the parties thereto recited: "That A. M. Graham has this day sold to Jones & Blankenship, a partnership, all merchantable timber, except chestnut, on lot 145—14—3, of Gordon County, at and for the price of one hundred and fifty dollars, also all timber, except chestnut, on 162 in the 25th district and 3rd section of Gordon County, at and for the price of fifty dollars. Allowing to said parties four months from the date hereof in which to get the timber off of 162—25—3, and two years in which to saw and remove the timber from lot 145—14—3, with all necessary rights of way to get timber. The receipt of above sums acknowledged. The said Jones & Blankenship take the timber on terms and conditions set out above. Witness our hands and seals this 2nd day of March, 1911." *Held:*

1. Properly construed, this was a conveyance to Jones & Blankenship of an estate in the specified timber, determinable, however, on failure to sever it from the realty within the dates specified. *Morgan* v. *Perkins*, 94 *Ga.* 353 (2), 354 (21 S. E. 574); *Warren* v. *Ash*, 129 *Ga.* 330 (58 S. E. 858); *Shippen Lumber Co.* v. *Gates*, 136 *Ga.* 37 (70 S. E. 672).

2. Where timber contemplated by the contract was cut and detached from the soil within the time specified in the contract, but not removed from the land of the grantor, the title of the grantee was not lost merely by failure to remove the timber from the land within the time specified. *Johnson* v. *Truitt*, 122 *Ga.* 327 (50 S. E. 135); Macomber v. Detroit &c. R. Co., 108 Mich. 491 (66 N. W. 376, 32 L. R. A. 102, 62 Am. St. R. 713); 25 Cyc. 1552.

3. In a suit by the grantor, commenced soon after the expiration of the time specified in the contract for removal of the timber, for an injunction against the further cutting and removal of the timber, no insolvency being alleged, it appeared on the interlocutory hearing that a number of saw logs, which had been cut before the expiration of the period, had not been removed from the land, but some of them were in the woods and others were at the sawmill ready to be sawed. The judge passed an order wherein the defendant was "permitted to saw the logs now cut in the woods and on the yard into merchantable lumber, and stack and preserve the same until further order of the court," and enjoined from "cutting, sawing, and removing any other timber" on the land. *Held*, that this order in effect restrained the defendant relatively to his right to use the logs cut upon the land but not removed within the time specified in the contract.

(a) The plaintiff was not entitled to enjoin the defendant from appropriating the logs; and the order of the court was erroneous in so far as it directed the manner of sawing and stacking of the lumber until the further order of the court.

(b) The defendant disclaimed any right to cut and remove any other timber.                    *Judgment reversed. All the Justices concur.*

NOVEMBER 17, 1913.

Injunction. Before Judge Fite. Gordon superior court. April 18, 1913.

*J. M. Lang,* for plaintiff in error.