### 23472. BONNETT et al. v. CHEROKEE TIMBER CORPORATION.

DUCKWORTH, Chief Justice. 1. By the rulings of law made in Headnotes 2 and 3 of this opinion, the court did not err in overruling the general demurrer since the petitioner was entitled to some of the relief sought under the allegations.

2. The timber lease sought to be extended clearly recites a consideration was expected to be paid for the option of extending "the time allowed for the harvesting of said timber" for a six months period, the same to be exercised before the contract expired, yet no consideration was ever paid, or offered, and the instrument itself was blank as to the amount of consideration, and for this reason, it was nudum pactum. *Code* §§ 20-107, 20-301; *Shaw v. Bray*, 147 Ga. 567 (94 SE 1008);

*Starling v. Shaw,* 150 Ga. 700 (105 SE 299); *Hines Lumber Co. v. Lewis,* 173 Ga. 131 (159 SE 851); *Moore v. Logan-Long Co.,* 40 Ga. App. 259 (149 SE 321); *Johnson v. Truitt,* 122 Ga. 327 (50 SE 135). Since there was no legal right to an extension of the lease, no proof of another written agreement, or payment and acceptance of any consideration amounting to part performance, it could not be extended by court decree, and the court erred in submitting this issue to the jury and decreeing the plaintiff could go on the property and cut the remaining timber, the lease to cut having fully terminated.

3. The petitioner also sought to obtain the cut timber, enjoin the defendant from removing the cut timber and to obtain payment for the timber previously removed by the defendant Bonnett. The defendants admitted in their answer that 233 logs had been removed to a certain sawmill, but denied, in the main, all other allegations. The cut timber being personalty, it belongs to the purchaser wherever it is located. *Morgan v. Perkins,* 94 Ga. 353 (21 SE 574); *Johnson v. Truitt,* 122 Ga. 327, supra; *Jones v. Graham,* 141 Ga. 60 (80 SE 7); *Lederle v. City of Atlanta,* 164 Ga. 440 (138 SE 910); *Cochran v. Stewart,* 71 Ga. App. 579 (31 SE2d 494). Thus the court did not err in decreeing the cut logs are to be delivered to the plaintiff, it being admitted that 233 logs are located at a named sawmill. The evidence also shows that some of the cut logs remain on the land, and the petitioner having obtained title thereto by severance before the contract terminated, the court did not err in allowing him to enter the premises and recover all logs and trees previously cut down.

4. There was no proof of the removal of any cut logs except the admitted 233 logs located at a named sawmill, hence the order of the court that the defendant Bonnett furnish a certified accounting of all trees and logs removed is without evidence to support it.

5. The evidence does not support the verdict and the general grounds are meritorious. However, under the rulings above, no issue of fact remains for decision. Thus the lower court is instructed to modify its final decree so as to order all severed logs to be the property of the petitioner and strike therefrom the order allowing plaintiff to cut the remaining timber and requiring an accounting from the defendants. Since the appellants have thus obtained a substantial modifi-

cation of the final judgment although no new trial is ordered, the costs are taxed against the appellee.·

*Judgment affirmed with direction. All the Justices concur.*

ARGUED MAY 10, 1966—DECIDED MAY 26, 1966.

*Allen & Edenfield, Charles H. Brown,* for appellants.
*George M. Johnston,* for appellee.