42223, 42233.   LANGDALE COMPANY v. DAY; and vice versa.

SUBMITTED SEPTEMBER 8, 1966—DECIDED JANUARY 13, 1967.

*Ewing & Williams, Marshall Ewing, John W. Langdale,* for appellant.

*Dewey Hayes, Sumner & Boatright, J. Laddie Boatright,* for appellee.

FRANKUM, Judge. The Langdale Company sued Allen Day in trover to recover possession of 25,000 board feet of pine timber severed from the ground and alleged to be of the value of $35 per thousand board feet, and seven and one-half cords of pulpwood of the alleged value of $5 per cord, all of the total value of $912.50. It was alleged that the timber sued for was located on a tract of land described in an exhibit to the petition, and that plaintiff claimed title under a certain timber lease executed by J. H. Day, a copy of which was also attached as an exhibit to the petition. At the conclusion of all the evidence, the plaintiff elected to take a money verdict and moved for a directed verdict in its behalf, and the defendant moved for a directed verdict in his behalf. This court overruled those motions, and thereafter the jury returned a verdict for the defendant. The plaintiff appealed to this court assigning error in its enumeration of errors on various rulings of the court, the nature of which will appear in the opinion. The defendant filed a cross appeal in which he contends that the court erred in overruling his demurrers to the plaintiff's petition, erred in admitting certain documentary evidence, erred in giving a charge requested by the plaintiff, and erred in refusing to direct a verdict for the defendant. Such other facts as are necessary to an understanding of the rulings made will appear in the opinion.

■ In the notice of appeal filed by the appellant (in the main appeal), the judgment appealed from is designated as the "judgment entered in this action on April 12, 1966, which judgment was in favor of the defendant and in effect decreed the title to the personal property sued for in the defendant." The notice further recites that a motion for a new trial and a motion for a judgment notwithstanding the verdict were overruled on May 13, 1966, and the notice of appeal is dated June 10, 1966. The appellee has moved to dismiss the appeal because he contends the record does not contain a judgment "dated April 12, 1966, in favor of the defendant." In the motion to dismiss, appellee

acknowledges "however, the record at page 29 does contain such a judgment as is described in the notice of appeal, which is dated March 17, 1966, and appears to have been filed on the 12th day of April, 1966, as shown by entry of the Clerk of Coffee Superior Court." It will be noted from the language of the appellant's notice of appeal quoted above that the appeal is from a judgment *entered* on April 12, 1966. The motion to dismiss virtually admits that there is such a judgment in the record. The use by the appellant of the language "judgment entered" is consistent with the usage established by the Appellate Practice Act of 1965. Section 18B of that Act specifies that the filing with the clerk of a judgment signed by the judge constitutes the *entry* of such judgment within the meaning of the Act, and the form of the notice of appeal set forth in the Act itself provides that the appropriate designation of the judgment or order appealed from shall be made by reference to the date such judgment was "entered." The use of this terminology by the legislature in enacting the Appellate Practice Act would be binding on the bench and bar, notwithstanding previous decisions, but it is of interest to note that the definition of the entry of a judgment as consisting of the filing of such judgment with the clerk is consistent with the meaning of the term "entry of judgment" heretofore observed by the courts. See *Knox v. State,* 113 Ga. 929 (39 SE 330), and *Thomas v. Bloodworth,* 44 Ga. App. 44 (160 SE 709). The notice of appeal was timely in that it was filed within 30 days from the date the judgment overruling the motion for a new trial was entered. *Code Ann.* § 6-803. The motion to dismiss is denied.

■ The first error enumerated in the main appeal complains of the failure and refusal of the trial court to confine defendant's counsel in his opening statement to the jury to contentions authorized by the allegations of the answer, a timely motion to that effect having been made by counsel for the appellant. The transcript of the proceedings shows that during the opening statement of Mr. Hayes, counsel for the defendant, Mr. Ewing, counsel for the plaintiff, interposed an objection and asked the court that Mr. Hayes' opening statement be confined to the pleadings. There follow two pages of colloquy between court and counsel,

at the conclusion of which the court refused to sustain Mr. Ewing's objection until he had heard further as to the nature of Mr. Hayes' argument. At that point Mr. Hayes resumed making his opening statement to the jury and concluded it in the following language: "As I stated, gentlemen, before I was interrupted, Number 1, our defense is that we don't owe Langdale Company money because the timber in question belongs to Allen Day, the land belongs to Allen Day, and he's got a deed to it. It's his. And I stated he doesn't owe him any money for the further reason that he worked for him and didn't pay him. Gentlemen of the jury, we say that the Langdale Company cannot prove that he owes him anything, because it ain't so. Thank you." No further motion or objection in relation to this argument appears to have been made by counsel for the plaintiff.

This assignment of error presents no question for our consideration for at least two reasons. First of all, the original statement made by counsel for the defendant to which counsel for the plaintiff objected is nowhere shown in the record transmitted to this court, and we are unable to say without having it before us whether it consisted of improper statements or not. Assuming that the final statement made by counsel for the defendant as quoted above was a substantial reiteration of the statement objected to, a fact which the record certainly does not clearly show to be true, it would have been incumbent upon counsel for the plaintiff to again insist upon his objection thereto after the judge had, in effect, reserved a ruling on the objection, or to have moved for a mistrial or that the jury be discharged and a new jury empaneled, and where it does not appear that counsel made any further objection or secured from the court a final ruling on the propriety of the statement of counsel for the defendant, nothing is presented for this court to decide. *Jordan v. State*, 78 Ga. App. 879, 887 (52 SE2d 505); *Griffin v. State*, 85 Ga. App. 602, 604 (6) (69 SE2d 665); *Jones v. Universal C.I.T. Credit Corp.*, 88 Ga. App. 24, 27 (4) (75 SE2d 822).

■ A witness for the plaintiff, Mr. Dalton T. Sirmans, was sworn and qualified as an expert timber cruiser. His testimony on direct examination was offered for the primary purpose of proving on behalf of the plaintiff the quantity and value of the

timber sued for. While he was on cross examination, after being recalled, counsel for the defendant sought to elicit from him what was in effect an admission by him that there would have been a substantial growth in the timber during the period between the date of the execution of the timber lease and the time the timber in question was cut, and that the failure of the plaintiff to cut this particular timber sooner was part of a design on the part of the plaintiff to reap greater profits from the timber contract than it would have otherwise realized. Counsel for the plaintiff objected to this line of questioning, the objection being in substance that this testimony was irrelevant because the sole issue in the case was whether the plaintiff had title to or the right of possession of the timber sued for, and that the contract gave to the plaintiff the right to cut all timber growing on the described premises measuring 14 inches in diameter and up outside the bark at a height of 10 inches above the ground *at the time of cutting,* and that whether the timber had increased in size or shrunk during the term of the lease contract was irrelevant, if when cut during the period covered by the contract or any extension thereof it measured 14 inches or more in diameter at a point 10 inches above the ground. The court overruled plaintiff's objection and permitted counsel for the defendant to question the witness extensively along this line.

We think this constituted reversible and harmful error. This case was plainly and simply a trover action to recover timber alleged to have been cut during the period of a timber lease and shown to have been left lying on the ground at the time the lease expired after a 90-day extension thereof, the plaintiff not having been able to remove the timber because of adverse weather conditions. Under the terms of this lease the plaintiff had the right to maintain an action in trover to recover possession of the timber so cut, notwithstanding the fact that the lease itself contained no express provision that title to such timber, once it had been severed from the ground, would remain in the plaintiff, even though it had not been moved prior to the expiration of the lease. *Cochran v. Stewart,* 71 Ga. App. 579, 581 (1) (31 SE2d 494). The timber having been thus severed from the realty thereby became personal property and subject to a trover action, if pos-

session thereof was wrongfully withheld from the plaintiff. In such an action the issue is one of title, and the gist of the action is conversion, "that is to say, that the defendant has wrongfully deprived the plaintiff of possession." *Tidwell v. Bush*, 59 Ga. App. 471, 472 (1 SE2d 457). See also *Hudson v. Gunn*, 20 Ga. App. 95 (1b) (92 SE 546). The testimony of the witness sought to be elicited by the line of questioning objected to was clearly irrelevant and immaterial to any issue in the case. The objection made by counsel for the plaintiff pointed out the irrelevancy of this evidence and the reason why it was irrelevant. The trial court erred in refusing to sustain the plaintiff's objections to this line of questioning. The right to a thorough and sifting cross examination of witnesses called against a party does not afford counsel an opportunity to introduce matter which is wholly irrelevant to any issue in the case. *Head v. John Deere Plow Co.*, 71 Ga. App. 276, 278 (1) (30 SE2d 662); *Wilson v. Garrett*, 92 Ga. App. 820, 821 (1) (90 SE2d 74).

■ As pointed out in the preceding division of this opinion, this was a trover case wherein the sole issue was whether the plaintiff had acquired title to timber which it had severed from the realty prior to the expiration of its timber lease but had failed to remove. The defendant, after giving bond to replevy the property, denied in his answer that he was in possession of the property sued for; denied that the timber had been cut and severed from the ground prior to March 31, 1965, and within the terms of the timber lease; denied that he had failed or refused to deliver to the plaintiff any property belonging to it after any lawful demand therefor, and denied that the plaintiff was entitled to recover possession of the property. This amounted to nothing more than a general denial of the petition which was substantially in the Jack Jones form. On the trial of the case the defendant sought to contend that the plaintiff owed him wages for work and labor done for the plaintiff pursuant to an oral contract of employment by which he was to work for the plaintiff in marking the trees to be cut pursuant to the timber lease entered into between the plaintiff and defendant's father. Plaintiff contended that defendant had been paid all that he was due under the oral contract of employment. In support of defend-

ant's contentions counsel for defendant sought to elicit from witness W. P. Langdale on cross examination testimony as to what would customarily have been paid by the plaintiff to the defendant or a similar employee doing like work as the defendant was doing. This testimony was objected to by counsel for plaintiff, and the objection was overruled. Similarly, testimony was offered on direct examination of the defendant that the plaintiff had never paid him all that he was due, and this testimony was objected to on the grounds that it was not germane to the issues in the case, and that objection was also overruled. These rulings are made the subject of assignments of error in enumerations 3 and 4. This evidence was not germane to any issue in the case. Whether the plaintiff owed the defendant for wages earned by him pursuant to an unrelated contract of employment was not relevant to the only real issue in the case, which was whether or not the plaintiff had title and the right of possession in the timber sued for, and that evidence should have been excluded upon timely and proper objection. The trial court erred in overruling plaintiff's objections as set forth in enumerations of error 3 and 4.

■ The defendant sought by his own testimony to prove that an agent of the plaintiff had agreed in effect to relinquish any claim on behalf of the plaintiff to the trees which were then standing on the defendant's portion of his father's land in exchange for the plaintiff's agreement to assist the plaintiff in securing from defendant's father an extension of time under the timber lease. It appeared that at the time this alleged agreement was made the portion of land which the defendant was to receive from his father had been decided upon, but the deed thereto had not been executed. A deed of gift was subsequently made to the defendant by his father (who was the lessor in plaintiff's timber lease), and thereafter the trees in question which included those allegedly covered by the agreement made with plaintiff's agent were severed from the realty. "To make the following obligations binding on the promisor, the promise must be in writing, signed by the party to be charged therewith, or some person by him lawfully authorized, viz: . . . 4. Any contract for sale of lands, or any interest in, or concerning

them." *Code* § 20-401. Until it is severed from the realty timber is a part thereof and falls within the provisions of the above quoted statute of frauds. *Coody v. Gress Lumber Co.,* 82 Ga. 793 (1) (10 SE 218) ; *Corbin v. Durden,* 126 Ga. 429 (55 SE 30). This testimony of the defendant was not competent under the aforesaid provision of the statute of frauds to prove a gift or a sale of the standing timber to the defendant and should have been excluded on timely objection.

■ The other alleged errors complained of in the main appeal are not meritorious.

In the cross appeal defendant contends that the court erred in overruling his general and special demurrers and complains of the admission of plaintiff's Exhibit 1, which was the timber lease under which plaintiff claimed to have acquired title to the timber in question, of the giving in charge by the court of the plaintiff's request to charge which embodied the principles set forth in *Cochran v. Stewart,* 71 Ga. App. 579, supra, and of the failure of the court to direct a verdict for the defendant. The petition set out a description of the property by describing it as being all the timber severed from the ground and remaining on a described tract of land; set forth its value and the basis of the plaintiff's claim of title thereto; that it was in the possession of the defendant; and that demand for its delivery had been made by the plaintiff and refused by the defendant. Such allegations were sufficient in an action of trover to withstand a general demurrer. *Bank of Sparta v. Butts,* 1 Ga. App. 771 (57 SE 1061). Clearly, the allegations as to the identity and the location of the property were sufficient to enable the sheriff to find and levy upon the same. The trial court, therefore, did not err in overruling any of the demurrers, either general or special. As we have pointed out in Division 3 above, the principles embodied in *Cochran v. Stewart,* 71 Ga. App. 579, 581 (1), supra, were pertinent and applicable to the issues in this case, and the trial court properly instructed the jury in accordance with the timely written request for instructions in accordance therewith. The evidence did not demand a verdict for either party, and the trial court did not err in refusing to direct a verdict upon motions being made by both parties.

*Judgment reversed on main appeal; affirmed on cross appeal.
Felton, C. J., and Pannell, J., concur.*