## SHAW v. BRAY et al.

Where a lease of lands contains a clause providing that the lessee, its successors, and assigns are to have the use of the timber upon the lands leased, "including the right to cut and remove the same from said lands within seven years from date, after which time said lease may be extended by payment of 25 cents per acre per year," it is essential to the right of the lessee or its assigns that the option should be exercised before the expiration of the term stated in the lease or immediately upon its expiration, and that the amount stipulated as a consideration for a continuance of the lease should be paid.

No. 317. JANUARY 18, 1918.

Equitable petition. Before Judge Thomas. Berrien superior court. March 21, 1917.

On July 3, 1906, F. A. Shaw executed and delivered to the Massee & Felton Lumber Company a lease conveying timber of a certain description on a described tract of land. The lease contained the following clause: "It is hereby covenanted and agreed by and between the parties hereto that the said Massee & Felton Lumber Company, its successors, and assigns are to have the free, full, and uninterrupted use and enjoyment of said timber, including the right to cut and remove the same from said lands within seven years from date, after which time said lease may be extended by payment of twenty-five cents per acre per year." On July 1, 1910, the lessee executed and delivered to J. N. Bray, one of the defendants, a lease conveying to him numerous tracts of timber, including the land described in the lease from Shaw. The timber conveyed was not cut and removed by the lumber company or by Bray within seven years next after the date of the lease. About thirty days after the seven-year period expired, Bray, in order to extend the lease, tendered to Shaw the stipulated 25 cents per acre and requested an extension for one year. The tender was refused on the ground that the offer to renew the lease and pay the amount necessary for that purpose came too late. The tender was continuous. During the latter part of 1913 Bray caused Starling, the other defendant, to enter upon the land and commence cutting and removing the timber under Bray's authority and direction. Shaw thereupon brought his petition against Bray and Starling, for injunction and other relief. The defendants demurred generally to the petition. The demurrer was sustained and the case dismissed; and the plaintiff excepted.

*Lankford & Moore,* for plaintiff. *E. K. Wilcox,* for defendants.

BECK, P. J. (After stating the foregoing facts.) We are of the opinion that the court erred in sustaining the demurrer to the petition. We think it was essential to the exercise of the option contained in the lease that the tender of 25 cents per acre, which was a prerequisite to a renewal of the lease, should have been made prior to the expiration of the original lease or immediately upon its expiration. The clause therein, "after which time said lease may be extended by payment of twenty-five cents per acre per year," means, not twenty-five cents per acre per year by payment or tender of the amount stipulated after the expiration of the lease, but that, upon a proper tender or exercise of the option within the time limited, the lease may be extended after the term specified in the original lease. In the case of *Taylor* v. *West,* 142 *Ga.* 193 (82 S. E. 518), it was said: "The defendants entered into possession of certain lands as transferees of a lease executed by the plaintiff's testator, leasing certain lands to the lessee for turpentine purposes. The lease was for a period extending from the first of December, 1905, to 'the end of the turpentine season, 1910,' and gave to the lessee or the transferees of the lease 'the privilege of renewing said contract at $5.00 per annum.' *Held:* The clause last quoted from the lease contained an option of renewal. And when the defendants, being in possession of the land at or about the close of the term for which it was leased, upon being informed by the agent of the lessor that the lease would expire according to its terms, failed to exercise the option of renewal until after the expiration of the lease, and then, after demand for possession by the agent of the lessor, refused to surrender possession to the lessor or his agent, they were tenants at sufferance, their entry having been lawful but their continued possession wrongful." While the case from which this quotation is taken is not identical with the case in hand upon the facts, the principle stated in the extract we think is applicable. "In the absence of a specific provision in a lease fixing the time for exercise of an election to renew, the option continues during the whole of the original term or tenancy. But the election must be made or declared within that time; . . and where the lease fixes the time when the renewal shall be taken and given, such provision controls, and in the absence of a compliance therewith the right to the re-

newal is lost." 24 Cyc. 99, and cases there cited. We are of the opinion that this is the sound rule and should be here applied.

When this case was here upon exceptions to the refusal to grant an injunction (142 *Ga.* 34), this court ruled that on the facts as then presented by the record it was not shown that there had been an abuse of discretion upon the part of the judge in refusing the interlocutory injunction. In the record then under consideration there was evidence from which it might have been inferred that the lessee or the sublessee had made a bona fide effort to exercise the option before the expiration of the lease, and that the lessor had intentionally evaded or refused the reception of this notice, and had purposely placed himself where the party having the right to renew the lease could not serve upon him the notice that he intended to exercise the option and perform the acts essential to the exercise of that option; and therefore this court refused to disturb the judgment refusing an interlocutory injunction. Subsequently to the return of the remittitur to the court below, the plaintiff amended the petition, showing that the tender had been made about thirty days after the expiration of the original term. The defendants then demurred, and that demurrer was sustained; so the question presented by the record is one of law, and that we have disposed of above.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*