STARLING *et al. v.* SHAW *et al.*

ATKINSON, J.  1. Where a lease of lands contains a clause providing that the lessee, its successors, and assigns are to have the use of the timber upon the lands leased, "including the right to cut and remove the same from said lands within seven years from date, after which time said lease may be extended by payment of 25 cents per acre per year," it is essential to the right of the lessee or its assigns that the option should be exercised before the expiration of the term stated in the lease or immediately upon its expiration, and that the amount stipulated as a consideration for a continuance of the lease should be paid. *Shaw* v. *Bray*, 147 *Ga.* 567 (94 S. E. 1008).

(*a*)  As to construction of the words "immediately upon its expiration," as employed above, see *Hawkins* v. *Stoddard*, 136 *Ga.* 727 (71 S. E. 1112).

(*b*)  On the trial the controlling questions for determination by the jury were whether a tender was made in accordance with the ruling above announced, and, if no tender was so made, whether the lessor waived tender by evading it. Under the evidence submitted the jury was authorized to find that such tender was not made, and to render a verdict in behalf of the plaintiffs.

2.  The refusal of a new trial was not error.

*Judgment affirmed. All the Justices concur.*

No. 1851.  DECEMBER 14, 1920.

Equitable petition.  Before Judge Dickerson.  Berrien superior court.  December 31, 1919.

*C. A. Christian* and *E. K. Wilcox*, for plaintiffs in error.

*W. C. Lankford* and *J. D. Lovett*, contra.