16112. EDMONDSON *v.* BOYD LUMBER COMPANY.

JENKINS, P. J. An owner of land sold the timber thereon under a contract containing the following provisions: "That in consideration of the total sum of $500, of which $250 has been paid . . and the balance to be paid when [the grantee], his heirs or assigns, first begin to cut the timber hereinafter described," the grantor has "granted, bargained, sold, and conveyed . . all the timber on the following described tract of land, with the right to cut and remove the same, said land being located" as described. "It is further agreed and understood that [the grantee], his heirs or assigns, shall have seven years from this date within which to cut and remove said timber above mentioned and described, but in the event the party of the second part fails to remove said timber within the time stipulated, then and in that event it is further agreed and understood that [the grantee] shall have such further and additional time as he desires within which to cut and remove said timber from said land, and [the grantee] agrees to pay [the grantor], his heirs or assigns, ten cents per acre for each additional year or fractional part of a year required by him within which to cut and remove said timber." Two years and ten months after the expiration of the seven-year period the transferee of the purchaser, without having paid or offered to pay the ten cents per acre for each additional year or fraction thereof, and, so far as the record indicates, without having otherwise expressly or impliedly manifested any intention of extending the seven-year period provided by the instrument, entered upon the premises and began to cut and remove the timber therefrom. Thereupon the successor in title to the land brought suit for damages, based upon two counts, the first of which treated the provision as to additional time beyond the seven-year period as an option, which had expired by the failure of the defendant to extend the time by paying the required "ten cents per acre for each additional year or fractional part of a year," and the second of which was based on the theory that the purchaser, under the instrument, did not take the timber in fee simple, but was entitled to only a reasonable time beyond the seven-year period within which to cut and remove the same, and that under the facts alleged such time had expired. The trial court sustained the general and special demurrers to both the counts, attack-

ing each as setting forth no cause of action, and particular paragraphs as being mere conclusions and setting forth no sufficient facts to show that the lease had expired, or that any action by the defendant was required to effect its extension. *Held:*

1. The effect of the instrument quoted was to convey to the grantee the timber described, with the right to cut and remove the same within seven years from the date of the conveyance, and to give to the grantee an option for a yearly extension of such time, in consideration of the additional payment of ten cents per acre for each additional year or fractional part of a year as might be required by him within which to cut and remove the timber. *Taylor* v. *West*, 142 *Ga.* 193 (82 S. E. 518); *Shaw* v. *Bray*, 147 *Ga.* 567 (94 S. E. 1008); *Starling* v. *Shaw*, 150 *Ga.* 700 (105 S. E. 299). The seven-year period having expired, after which the title of the grantee would become divested unless he should elect to exercise his option to renew or extend the same from year to year for such period as he might "desire" and as might be "required" for the removal of the timber, and the grantee having neither paid nor tendered the agreed consideration, nor done any other act manifesting his election to exercise such option, until more than a year after the expiration of the seven-year period, the first count set forth a good cause of action, and it was error to dismiss the same on demurrer.

2. Under the preceding ruling, to the effect that the portion of the instrument relating to the extension of time in which the timber might be removed did not constitute a stipulation of sale such as the plaintiff might have enforced, but merely granted an additional option founded on a separate consideration, of which the defendant was privileged to avail himself from year to year so long as he might "desire" and as might be "required" in order to remove the timber, the judge did not err in sustaining the demurrer to the second count of the petition; and it is unnecessary to deal with the question as to whether the principle of a reasonable time would be involved were this portion of the agreement to be treated other than as an option. See, in this connection, *McRae* v. *Stillwell*, 111 *Ga.* 65, 69, 71 (36 S. E. 758; 55 L. R. A. 503).

*Judgment affirmed in part and reversed in part. Stephens and Bell, JJ., concur.*

DECIDED AUGUST 21, 1925.

Action for damages; from city court of Cairo—Judge Rigsby. November 28, 1924.

*M. L. Ledford, E. K. Wilcox,* for plaintiff.

*S. P. Cain,* for defendant.