## Bryant et al. v. Fowler-Comer Company.

(Decided Jan. 23, 1934.)

THURMAN B. DIXON for appellants.
GOAD & GOAD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

On December 21, 1926, Fowler-Comer Company, a partnership composed of W. B. Fowler, R. W. Comer, M. B. Comer, and G. L. Comer, leased for a period of five years, beginning January 1, 1927, a building in Scottsville, Ky., owned by appellants, A. C. Bryant and Miss Lou Bryant, now Mrs. H. H. Rosson, with the privilege of subrenting any part or all of the building at any time. The contract contained this clause:

"It is further agreed and made a part of this contract that at the end of the five year period, providing party of the second part has paid the rent as provided and taken proper care of the house that they have the privilege of extending the lease five years more at the same rental and under same provisions. It is also understood that if second party desires to surrender the lease at the end of five

years from date that they may do so by giving party of the first part thirty days notice.''

A partition through the center of the building was constructed by agreement of the parties and Fowler-Comer Company subleased one room to the Braswell Electric Company for $75 a month. Fowler-Comer Company occupied and used the other room until about February 1, 1929, when it sold its stock of goods to the Crawford-Gatlin Company, a corporation, and subleased the portion of the building then occupied by it to the purchaser. The Crawford-Gatlin Company on May 31, 1929, assigned its lease to the Darwin-Draper Company, a corporation, which occupied a portion of the building until August, 1931, when it assigned its lease to the Standard Stores, Inc., of which W. B. Fowler was manager and in which Fowler and the Comers were stockholders. Standard Stores occupied one-half of the building until the latter part of January, 1932, which was after the expiration of the five-year period provided in the original lease.

The rent of $150 a month was paid regularly to appellants. For a while the sublessee paid the rent to Fowler-Comer Company and Fowler-Comer Company paid it to appellants, but later the rent was paid direct to appellants by the sublessee. The Braswell Electric Company and Standard Stores, Inc., vacated the building in January, 1932, but paid to appellants the rent for that month. The owners of the building later brought this suit against Fowler-Comer Company for a specific performance of the contract of December 21, 1926, claiming that they had been given no notice that the lessee desired to surrender the lease at the end of five years, and that by remaining in possession beyond the five-year period it had elected to extend the lease for a second period of five years.

The Fowler-Comer Company defended on the grounds that no notice was required under the lease, and that it retained possession after the expiration of the five-year period under a special agreement with appellants, and also that notice had been given to appellants that it intended to surrender the lease at the end of the five-year period.

The chancellor adjudged that the plaintiffs were not entitled to the relief sought by them and dismissed the

petition of A. C. Bryant and the intervening petition of Mrs. Rosson.

It is insisted on this appeal that appellee, or its sub-lessee, vacated the building during the second five-year period and without having notified appellants, as required by the contract, that the lease would not be extended for a period of five years after January 1, 1932. Appellees contend that no notice was required under the contract, but, assuming that such notice was required and that appellants' construction of the contract is correct, we have concluded that the chancellor's judgment is sustained by a preponderance of the evidence on the question of notice.

Shortly after the contract was made in December, 1926, Miss Lou Bryant married and moved to Dallas, Tex. Thereafter one-half the rent, or $75 a month, was sent to her and $75 was paid to her brother, A. C. Bryant. A. C. Bryant testified that no notice, written or verbal, that appellee desired to surrender the lease at the end of five years was given to him thirty days before the expiration of the term or at any other time. Mrs. Rosson did not testify. W. B. Fowler testified that in August, 1931, he notified Mr. Bryant that the Standard Stores Company would not occupy the building after January 1, 1932, unless he reduced the rent, and that in any event the Fowler-Comer Company would not desire the building and would not remain liable under the contract since the partnership had been dissolved and had gone out of business. Later he requested Charles Troutt, who was in the insurance business and who had written the insurance on the building for Mrs. Rosson, to write to Mrs. Rosson and notify her that, unless the rent was reduced, the building would be vacated. Troutt testified that he wrote the letter to Mrs. Rosson as directed by Mr. Fowler, and that he received no reply. John Braswell, the owner of Braswell Electric Company, and who occupied one-half the building under a sublease, testified that, at the request of Mr. Fowler, he had a conversation with A. C. Bryant in the autumn of 1931 in which he notified him that the building would be vacated by himself and Fowler unless he reduced the rent. Bryant refused to make a reduction in the rent and told Braswell to go ahead and move, as he had some one ready to move in. Marvin Napier testified that in September, 1931, while he was engaged in doing some concrete work in the basement of the

building, he had a talk with Mr. Bryant, at the suggestion of Fowler, in which he told him that Fowler said he would give $60 a month for the portion then occupied by him for a term of five years, but Bryant said he could get $75 and would not take less.

There is ample evidence that the lessors received notice within the time required by the contract that Fowler-Comer Company, the original lessee, desired to surrender the lease at the end of the five-year period. It is argued that the contract called for a written notice, but, if this were true, there is evidence that written notice was given. However, the contract does not specify the kind of notice to be given, but merely provides that:

"If second party desires to surrender the lease at the end of five years from date they may do so by giving party of the first part thirty days notice."

If a lease contains a provision requiring notice by a tenant to the landlord of his exercise of an option to surrender or extend the lease and specifies the kind of notice to be given, the terms of the lease must be complied with by the tenant in order to bind the landlord, and the notice must be given in the manner provided, but, in the absence of a specific provision in the lease, any form of notice which definitely imparts to the landlord the information that the tenant has availed himself of an option given by the lease is sufficient. Where the lease fails to specify how the required notice shall be given, whether orally or in writting, a verbal notice is sufficient. Khourie Brothers v. Jonakin, 222 Ky. 277, 300 S. W. 612; Darling v. Hoban, 53 Mich. 599, 19 N. W. 545; Andrews v. Marshall Creamery Co., 118 Iowa, 595, 92 N. W. 706, 60 L. R. A. 399, 96 Am. St. Rep. 412.

For the reasons indicated the judgment is affirmed.