## WARTHEN v. LAMAS.

### No. 295.

Municipal Court of Appeals for the District of Columbia.

Aug. 24, 1945.

I. H. Minovitz, of Washington, D. C., for appellant.

Jacob N. Halper, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

Appeal is by the tenant from a judgment for possession in favor of the landlord-owner. The complaint alleged that appellant was a tenant by sufferance, that the thirty day notice required to terminate such a tenancy [1] had been given, and that the owner sought in good faith to recover possession for her immediate and personal use and occupancy as a dwelling. The good faith of the owner in seeking possession for her personal use, a requirement of the District of Columbia Emergency Rent Act,[2] is not questioned. Appellant challenges the validity of the notice to quit and disputes the alleged character of the tenancy.

The facts are not in controversy. Appellant had occupied the premises, a row house, under a five year lease which expired September 30, 1944. The lease had been executed by appellee who owned the property but lived in the next adjoining house which she rented from its owner. Appellant's lease contained the following renewal clause:

"It is further understood and agreed that

---

[1] Code 1940, § 45—904.   [2] Id., 45—1605.

the lessee will have the privilege of renewing the lease for five years at the same rental."

Some six weeks prior to the expiration of his lease appellant made improvements on the property, painting inside and out and replacing window shades, at a cost, he testified, of more than $200. He does not claim that he informed appellee of these improvements, and she testified that all she knew about them was that she had seen appellant painting the front porch. After the lease expired appellant remained in possession for several months, paying monthly rent. The matter of renewal of the lease for the additional five years was not discussed and it is admitted that no notice of an intention to renew, verbal or written, was given.

On January 1, 1945, appellee having been notified to vacate the house in which she was living, gave appellant a thirty day notice to vacate. In this notice no mention was made that she sought possession for her personal use. It is claimed that the notice was invalid in that it did not specify any one of the several grounds which, under the Emergency Rent Act, supra, are made conditions to the right of a landlord to regain possession of residential property.

The section of the Rent Control Act (Code 1940, 45—1605) relied upon by appellant provides:

"(b) No action or proceeding to recover possession of housing accommodations shall be maintainable by any landlord against any tenant, notwithstanding that the tenant has no lease or that his lease has expired, so long as the tenant continues to pay the rent to which the landlord is entitled, unless—"

Then follow subsections 1 to 5, each containing a specific ground entitling a landlord to recover possession.

■ The effect of the section is to create a non-contractual statutory right of possession in the tenant, continuing at his option beyond the expiration of his lease or rental agreement. This is accomplished by depriving the landlord, unless he claims under one of the permitted grounds, of the right to maintain an action for possession. Except as so restricted the procedure in landlord and tenant actions for possession is that prescribed by our Code.[3]

■ In the emergency rent law there is no requirement of notice to a tenant before an action for possession is instituted. We can not imply an intent to require notice, or attach any condition to the right to bring suit, which Congress has not authorized. While the First World War emergency rent law for this jurisdiction[4] required a thirty day notice, stating the grounds upon which the landlord claimed the right to possession, it is significant that, departing from this precedent, the clause requiring notice was omitted in the present statute. This indicates a definite purpose not to require notice.

■ To terminate a tenancy by sufferance the Code requires that a thirty day notice to vacate be given the tenant.[5] Such a notice does not need to assign any reason. The notice given here conformed to our statute and was sufficient.

■ We agree that usually it would be helpful if the landlord indicated in the notice to quit the reasons for terminating the tenancy, relieving the tenant of the necessity of seeking the information by inquiry or awaiting service of the complaint. Matters of convenience, however helpful in construing doubtful language of a statute, do not authorize a court to supply matter wholly omitted.

Appellant has cited to us the case of Kalvritinos v. Klein, 72 W.L.R. 589, wherein one judge of the Municipal Court had held that, in view of the restrictions in the emergency rent law, the notice should state the grounds upon which it is based. The trial judge in the present case held otherwise and we think he was correct.

■ Appellant claims that by making repairs, retaining possession and paying rent, the lease was renewed for the additional five year term. A tenant, desiring to exercise the privilege of renewal where no specific form of notification is required, may convey his notice to his lessor by writing, by word of mouth, or by some act sufficiently evidencing his purpose.[6] We find no local case wherein the requisites of such affirmative act are defined, but we regard as

---

[3] Code 1940, §§ 11—735, 45—910.

[4] Act of May 22, 1922, 42 Stat. 544, Sec. 109(c); Weaver v. Koester, 54 App. D.C. 80, 294 F. 1011.

[5] Code 1940, § 45—904.

[6] Dickinson v. Robinson, 4 Cir., 272 F. 77.

sound and reasonable the rule generally applied by courts in other jurisdictions. The act or acts relied upon must "definitely impart notice" that the lessee has availed himself of the option to renew.[7] A "clear intention" to exercise the option must appear.[8] "Notice of the election to renew must indicate the unconditional and unqualified determination of the lessee to exercise his option." [9]

Logic and reason require that a lessee's election to renew, evidenced only by his actions, have such finality of form that there will be no uncertainty of purpose. It should be such that he too will be obligated for the renewal term. Otherwise it should not be accepted as a substitute for a positive statement of his intent to renew.

The making of extensive repairs and alterations, with the consent and co-operation of the landlord, have been held sufficient to convey notice of an intention to renew.[10] But the repairs made by appellant of which appellee was advised, were not of such character or made under such circumstances. They would not have bound appellant for the renewal term had he decided to vacate when his lease expired, and the trial court was justified in its finding that they did not sufficiently evidence an election to renew the lease.

That appellant remained in possession and paid rent sheds little, if any, light upon his intention to renew his lease for an additional term of five years. An election to renew should precede or be concurrent with the expiration of his lease [11] and not depend upon after events except in so far as they may reflect the understanding of the parties with respect to a precedent act.

Under our statute, "All estates which by construction of the courts were estates from year to year at common law, as * * * where a tenant for years, after the expiration of his term, continues in possession and pays rent * * * shall be deemed estates by sufferance." [12] This statute is mandatory. Neither the parties nor the courts are at liberty to disregard its expressed policy. Morse v. Brainerd, 42 App.D.C. 448. "Section 1034 (Code 1940, 45—820) was as much a part of the lease as though it had been written into it." Soper v. Myers, 45 App.D.C. 286. Without evidence to the contrary it must be presumed that the continued possession, the payment and acceptance of rent, were with intent to create the estate which the statute explicitly declares shall result therefrom.

In Andrews v. Marshall Creamery Co., 118 Iowa 595, 92 N.W. 706, 708, 60 L.R.A. 399, 96 Am.St.Rep. 412, where under similar circumstances an Iowa statute creates a tenancy at will and the effect of continuing in possession and paying rent was relied upon to supplement evidence of a renewal, the court in its opinion said:

"* * * it seems to us more reasonable to assume that the tenant holding over after the expiration of his term, without more, elects to become a tenant at will, provided his landlord allows him to remain in possession, than that he thereby elects to bind himself for an additional term, which he might have availed himself of by acting under the provisions of his lease, but which he has in fact indicated no intention to claim or become bound for."

We find no error in the judgment under review.

Affirmed.

---

[7] Bryant v. Fowler-Comer Co., 252 Ky. 466, 67 S.W.2d 700; Bluthenthal v. Atkinson, 93 Ark. 252, 124 S.W. 510.

[8] City Coal Co. v. Marcus, 95 Conn. 454, 111 A. 857.

[9] Pope v. Goethe, 175 S.C. 394, 179 S.E. 319, 321, 99 A.L.R. 1005. See also 35 C.J. 1021, § 150.

[10] Hooper's Sons v. Sterling-Cox Shoe Co., 118 Me. 404, 108 A. 353.

[11] Dickinson v. Robinson, supra; Renoud v. Daskam, 34 Conn. 512; Starling v. Shaw, 150 Ga. 700, 105 S.E. 299; Whalen v. Manley, 68 W.Va. 328, 69 S.E. 843.

[12] Code 1940, § 45—820.