## FULTON REALTY CO., Inc. v. ATHANAS et al.

### No. 313.

Municipal Court of Appeals for the District of Columbia.

Oct. 30, 1945.

Rehearing Denied Nov. 13, 1945.

Jacob N. Halper, of Washington, D. C., for appellant.

Joseph A. Solem, of Washington, D. C., for appellees.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

George D. and Nick D. Athanas leased certain premises to Louis Isquith and upon his failure to pay the rent, they sued for possession. Fulton Realty Company, Inc., was the holder of a chattel mortgage secured by equipment located on the leased premises, and in order to prevent the tenant from being dispossessed entered into an agreement dated November 3, 1942, with the landlords. The agreement was in the form of a letter from the Realty Company's attorney to the landlords' attorney, the material parts being:

"Fulton Realty Company will take an assignment of the income from the premises and out of this income will pay $175.00 to be applied on arrears of rentals to October 31, 1942, and thereafter, in addition to paying the current rent, will pay $25.00 a

month on the arrears. I understand the total arrears amount to $525.00. Of course, it is definitely understood that these payments will be made only so far as the income that comes into the hands of the Fulton Realty Company extends, except that we will guaranty payment of arrears in any event.

"Of course, it is also definitely understood that Fulton Realty Company does not undertake to obligate itself under the lease but will pay current rent as it is received and if payment of current rent ceases, it shall be only upon thirty (30) days' notice to you."

The rent for November and December, 1942, was paid through the Realty Company, but no rent was thereafter paid and the landlords filed a second suit for possession on February 17, 1943. Judgment for possession was obtained on May 25, 1943, but by reason of an unsuccessful appeal by the tenant[1] actual possession was not had until September, 1943.

The present action was brought by the landlords against the Realty Company for rent accrued from January through September, 1943, plus the balance of the arrears which amounted to $99.72. The Realty Company admitted owing the arrears of $99.72 but denied liability for any other sum.

The testimony was that on December 8, 1942, the Realty Company collected $200 from the tenant and paid it over to the landlord, $175 representing December rent and $25 being credited on arrears. Thereafter no money was collected from the tenant by the Realty Company and it made no further payment to the landlords. Immediately after January 2, 1943, the landlords' agent called the Realty Company concerning the January rent and was told it had not been received from the tenant. A few days later the agent met an officer of the Realty Company who again told him that the January rent had not been received.

The contention of the landlords was that they never received from the Realty Company the notice provided for in the agreement of November 3, 1942, and that therefore they were entitled to recover all rent accrued at the time possession was in fact obtained. The Realty Company contended it had given the notice provided for, but that, regardless of notice, it had bound itself to payment only to the extent it collected from the tenant, that it had paid the landlords all rents so collected, and consequently had fulfilled its obligation under the agreement.

The trial court awarded the landlords judgment for rent for the months of January to April, inclusive, at $175 per month, plus the admitted sum of. $99.72. From this judgment the Realty Company has appealed.

The liability of the Realty Company depends upon the meaning of its agreement of November 3, 1942, hereinbefore quoted. It is clear that the Realty Company did not undertake to guarantee the rent for the remainder of the term of the lease. In at least two instances it made plain that its liability was limited to paying over such rent as it received from the tenant. That it paid over all rents so collected is not disputed and this would constitute a complete defense, except for its agreement that "if payment of current rent ceases, it shall be only upon thirty days' notice to you." This language was adopted by the parties and the court cannot disregard it; but we must endeavor to ascertain its meaning by examination of "the whole instrument read in the light of the circumstances existing at the time of negotiations leading up to its execution." Miller v. Robertson, 266 U.S. 243, 251, 45 S.Ct. 73, 76, 69 L.Ed. 265. The agreement was between business men and should be interpreted as a reasonable business man would have understood it.

We think the reasonable construction of the contract is that the Realty Company undertook to collect the rent, current and arrears, from the tenant and pay it over to the landlords, binding itself absolutely to collection and payment of the arrears but limiting its obligation respecting current rent to the extent of the money it received from the tenant. And further, we think the Realty Company, having undertaken to endeavor to collect current rent, agreed that the landlords could assume that current rent was being collected and would be collected until the expiration of thirty days' notice from the Realty Company that payment of current rent had ceased. In other words, the Realty Company bound itself to payment of current rent, subject to the condition that it could terminate its liability by thirty days' notice.

The Realty Company failed to give the required notice. By the terms of

---

[1] Isquith v. Athanas, D.C.Mun.App., 33 A.2d 733.

the agreement it was not necessary that the notice be in writing or in any particular form, but the law requires that a notice to exercise a right or to terminate a liability be of sufficiently definite form to clearly apprise the other party of the action taken and the purpose intended thereby. Warthen v. Lamas, D.C.Mun.App., 43 A.2d 759. The conversations in January between the landlords' agent and the officer of the Realty Company did not constitute notice under the agreement. These conversations did not possess the finality of form requisite to convey certainty of purpose. Warthen v. Lamas, supra.

Notice not having been given, the Realty Company did not exercise its right to terminate its liability; but in our opinion the landlords by bringing suit for possession terminated the agreement and thereby terminated the Realty Company's liability with respect to future rents. When on February 17 the landlords commenced proceedings to obtain possession, they elected to enforce their rights with respect to the tenant and to abandon their right to notice under the agreement with the Realty Company. The whole purpose of the Realty Company's undertaking was to keep the tenant in possession. When the landlords, despite lack of notice from the Realty Company, took actual notice of the tenant's nonpayment of rent and instituted suit for possession, its agreement with the Realty Company was ended. The contract could have been, but was not, terminated by the Realty Company; it was terminated by the landlords. However terminated, its termination released the Realty Company from further liability.

Accordingly, we think the Realty Company's liability for current rent was limited to that accrued when the possession suit was filed, namely, rent for the months of January and February amounting to $350, plus the admitted arrears of $99.72, or a total of $449.72.

The judgment below is modified accordingly; and so modified is affirmed.

Modified and affirmed.

The CHIEF JUDGE sat during the argument of this case and agreed in the result reached in this opinion but died before the opinion was completed.