## HARDIN *et al. v.* CHAMBLISS.

CANDLER, Justice. Properly construed, the contract in this case gave the lessees the right to cut and remove timber of specified dimensions from a described tract of land for five years from November 16, 1940, with an option after that time to extend the right to cut and remove such timber for such additional period, not exceeding five years, "as may be desired," the lessees to pay six percent of the original purchase-price for such extended time as they may elect to take, "the same to become due and payable at the end of each additional year, so long as the privileges are exercised." In order for the lessees to extend the time stated in the contract, it was necessary that the option be exercised at the expiration of the five-year term or immediately thereafter by some act manifesting their intention to do so. *Edmondson* v. *Boyd Lumber Co.*, 34 *Ga. App.* 274 (129 S. E. 168) ; *Taylor* v. *West*, 142 *Ga.* 193 (82 S. E. 518) ; *Shaw* v. *Bray*, 147 *Ga.* 567 (94 S. E. 1008) ; *Starling* v. *Shaw*, 150 *Ga.* 700 (105 S. E. 299) ; *Hines Lumber Co.* v. *Lewis*, 173 *Ga.* 131 (159 S. E. 851). It affirmatively appearing from the record that the lessees were not in possession of the described premises at the expiration of the five-year period; and that no notice was given by them of any desire to exercise the privilege of extending the contract for an additional year until approximately two and one-half months after the expiration of the five-year period, and counsel for the plaintiff in error not contending that this was immediately after the expiration of the contract; and there being no other manifestation of the lessees' desire to do so—the court did not err in overruling a demurrer to the petition as amended, attacking it upon the ground that it failed to state a cause of action for a cancellation of the recorded lease as a cloud on title.

*Judgment affirmed. All the Justices concur, except Duckworth, P. J., who dissents.*

No. 15776. APRIL 15, 1947. REHEARING DENIED MAY 16, 1947.

*Jones, Jones & Sparks,* for plaintiffs in error.
*A. M. Zellner* and *Steve Schalasny,* contra.