36572. CONTAINER CORPORATION OF AMERICA v. HORNBUCKLE FARMS, INC. et al.

NICHOLS, Justice.

A timber lease from Hornbuckle Farms, Inc. (Hornbuckle) to Container Corporation of America (CCOA) gave CCOA "ample time to cut and remove said trees not to exceed two years, with right to extend for an additional six months at the option of the Buyer." CCOA cut timber during the two-year period but was not on the land and had not been cutting timber for some time at the expiration of the two-year period. When CCOA reentered and recommenced the cutting of timber some two to three months after expiration of the two-year period, Hornbuckle ordered CCOA to vacate the premises because CCOA had not exercised the option during the original two-year term. CCOA sought to enjoin interference by Hornbuckle with its cutting operations, but the trial court sustained Hornbuckle's

motion for summary judgment. This court reverses.

There was no genuine issue as to any material fact. The parties concede that neither by word nor by conduct during the two-year period did CCOA give any indication to Hornbuckle of its intention to reenter and to recommence the cutting of timber. The question is one of law as to the proper construction of the time term of the contract.

CCOA contends that "where the extension clause prescribes no conditions and does not require payment of a consideration for the extension in addition to that paid on the execution of the timber deed, the extension occurs automatically." 52 AmJur2d, 34, Logs and Timber, § 45. The case of Russell v. Taylor, 222 Ala. 312 (131 S 887) (1930), is cited in support of that proposition. Hornbuckle concedes that the clause in the present case does not require CCOA to exercise the option in any particular manner (as, for instance, by written or oral notice) but contends that Georgia law required CCOA to exercise the option and communicate that fact to Hornbuckle in some manner during the original two-year period.

In *Taylor v. West,* 142 Ga. 193 (82 SE 518) (1914), this court held that a lessor of turpentine lands was entitled to possession because his agent had notified the lessee that the lease term would expire and the lessee had failed to exercise his contractual "privilege of renewing said contract at $5.00 per annum" until after expiration of the lease term.

In *Shaw v. Bray,* 147 Ga. 567 (94 SE 1008) (1917), the timber was to be cut and removed from the lands "within seven years from date, after which time said lease may be extended by payment of 25 cents per acre per year." This court held that an attempt to exercise the option of extension for one year by paying 25 cents per acre approximately thirty days after expiration of the seven-year term came too late because the option should have been exercised before expiration of the seven year term "or immediately upon its expiration." *Starling v. Shaw,* 150 Ga. 700 (1) (105 SE 299) (1920), involved a lease clause worded identically with the clause in *Shaw v. Bray,* supra, and this court reached the same result.

In *Edmondson v. Boyd Lumber Co.,* 34 Ga. App. 274 (129 SE 168) (1925), a clause giving the purchaser "such further and additional time as he desires within which to cut and remove said timber from said land" and providing for payment of "ten cents per acre for each additional year or fractional part of a year" did not give the purchaser the right to enter and commence cutting two years and ten months after expiration of the seven-year period and without first paying the specified sum per acre.

This court has held that two years after expiration of the five-

year term is too late to exercise an option to cut timber on land for as many years as the lessee "may desire or require" at a rate of $33.00 per acre. *Hines Lumber Co. v. Lewis,* 173 Ga. 131 (159 SE 851) (1931).

Finally, in *Hardin v. Chambliss,* 202 Ga. 247 (42 SE2d 566) (1947), this court held that approximately two and a half months after expiration of the original five-year term was too late to exercise an option to extend for one year under a clause allowing extension for a period not exceeding five years. The lease required as a condition or consideration of an extension a payment of a certain percentage of the original price, "the same to become due and payable *at the end of each additional year,* so long as the privileges are exercised." (Emphasis supplied.) Citing and relying on all of the foregoing cases, this court held: "In order for the lessees to extend the time stated in the contract, it was necessary that the option be exercised at the expiration of the five-year term or immediately thereafter by some act manifesting their intention to do so." 202 Ga. at 247.

CCOA insists that each of those cases is to be distinguished from this case in that each provided for a payment of money in consideration of the extension whereas the present agreement does not require a payment of any additional sum as a condition or consideration of an exercise of the option. Each of those cases did involve an agreement requiring the payment of additional consideration for any extended term beyond the fixed period of years. Each also involved an extended term that was indefinite, and would become definite only when the lessee expressed himself about the length of the extension desired. Here, the extension is for a single, fixed period, "an additional six months", and this term already has been purchased by the original consideration; no additional payment is necessary before, at or after exercise of the option to extend. The agreement here requires CCOA to exercise the option "by some act manifesting their intention" (202 Ga. at 247) but the act of reentering and recommencing cutting is sufficient for this purpose. The agreement did not require verbal (written or oral) communication of CCOA's intentions. Accordingly, CCOA could express its intentions either by remaining on the premises after the two-year term or by reentering during the six months' extended term. It was not necessary for CCOA to have reentered during or immediately after the expiration of the two-year term; rather, CCOA could express its intention to utilize the six months' term by entering at any time during the six months' term.

However, CCOA is not entitled to an extension of six months from the day it reentered during the six months' term. The agreement, properly construed, means that if the option is exercised by CCOA during a period of six months immediately following the

expiration of the original two-year term, then CCOA will be entitled to utilize the remaining months, weeks and days of the six months' term. The agreement, in essence, has the same meaning as if it had been expressed as a lease for two and one-half years.

*Judgment reversed. All the Justices concur, except Hill, J., who dissents.*

Argued September 9, 1980 — Decided October 22, 1980 — Rehearing denied November 13, 1980.

*Whelchel, Whelchel & Carlton, James C. Whelchel,* for appellant.

*Kunes & Kunes, G. Gerald Kunes,* for appellees.

Hill, Justice, dissenting.

The majority say the agreement was the same as a lease for two and one-half years. I respectfully submit that the majority has rewritten the lease. The parties entered into a lease for two years "with right to extend for an additional six months at the option of the Buyer." If the parties had intended to enter into a two and one-half year lease, they could have done so (but they did not). What was the effect of the agreement entered into by the parties?

Based on the Georgia cases relied upon by the majority, I would find that, although no additional payment was required by this lease, in order to exercise the option the buyer must have been on the premises at the expiration of the two-year term or have given oral or written notice before the expiration of that term.